### Lessee of the Trustees of the School in Lower Dublin *against* PAUL.

*margin: Thursday, September 15th. Exceptions to a report of referees must point out some plain mistake in fact*

THIS ejectment was referred under a rule of court; and the referees awarded that the plaintiffs should recover the strip of land in controversy, with 6*d.* damages and 6*d.* costs. Exceptions to the report were filed by the defendant as follows: or in law, otherwise the court will not investigate the merits of the report.

1803.
Lower
Dublin
School
*v.*
PAUL.

1. Because it appeared before the referees that the defendant and those under whom he claimed had been in possession of the premises in controversy, and had their fence around the same from time beyond the memory of any person now living; and that the lines called for by the conveyance of *Richard Thomas* to *Samuel Thomas* on the 8th of *January* 1745, under whom the defendant claims, take in and include the premises in controversy.

2. Because the referees in forming the award undertook without any evidence to shorten by six perches the last course but one of the defendant's land, and to lengthen by five perches the last course thereof.

3. Because the referees had no evidence whereby to fix the lines and boundaries of the premises in controversy in favour of the plaintiff.

The cause was now called on for argument upon the exceptions, when *M. Levy* for the defendant moved a postponement upon the ground that one of the referees, whose attendance he was unable to procure, was material to shew the truth of the exceptions.

*Rawle* for the plaintiff objected, because from the very nature of the exceptions the referees could not be examined without opening the whole ground of controversy. The exceptions go to the whole matter in dispute, and they do not point out any circumstances which shew a plain mistake in fact or in law; without which the objections must be confined to the face of the report, which in this instance is unexceptionable.

*Levy* in reply cited *Pringle* v. *M'Clenachan,* (*a*) where the court went out of the report to examine the merits. Evidence must be heard to ascertain whether there is a plain mistake or not.

SHIPPEN C. J. A plain mistake must be stated in the first instance; and if evidence must be heard in order to prove it, the court will listen to it. But here no plain mistake is pointed out, and therefore we would not hear the referee if he were present.

Per CURIAM.                                    Report confirmed.

(*a*) 1 *Dall.* 486.